THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Joe Harold Campbell, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2010-UP-228
Heard March 3, 2010  Filed April 1, 2010    

AFFIRMED

 
 
 
 M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and
 Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Joe
 Harold Campbell appeals from a jury verdict finding him guilty of first-degree criminal sexual conduct with a minor. 
 Campbell argues the circuit court erred in admitting testimony concerning his
 abuse of a different child and in denying his motion for a mistrial.  We affirm. 
1. Campbell argues the
 circuit court erred in admitting the testimony of his abuse of a different
 child.  We agree the circuit court erred in finding the testimony admissible
 under Rule 404(b), SCRE, to show motive
 and intent.  See State v.
 Nelson, 331 S.C. 1, 11, 501 S.E.2d
 716, 721 (1998) (holding a person commits a sexual offense for the obvious
 motive of sexual gratification, and where this fact is apparent from the
 charges, evidence of motive and intent are not a material issue).  However, we
 affirm on the ground the testimony was admissible under Rule 404(b), SCRE, to
 show common scheme or plan.  Rule 220(c), SCACR, provides the appellate court may rely on any other reason
 appearing in the record to affirm the lower court's ruling, order, decision or
 judgment.  "It is within the appellate court's discretion whether to
 address any additional sustaining grounds."  I'On v. Town of Mount
 Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000).  Rule 404(b), SCRE, permits the admission of evidence of a
 common scheme or plan, and such evidence is relevant because proof of one is
 strong proof of the other.  State v. Wallace, 384 S.C. 428, 433, 683
 S.E.2d 275, 277 (2009).  "When determining whether evidence is admissible
 as common scheme or plan, the trial court must analyze the similarities and
 dissimilarities between the crime charged and the bad act evidence to determine
 whether there is a close degree of similarity."  Id. at 433, 683
 S.E.2d at 277-78.  "When the similarities outweigh the dissimilarities,
 the bad act evidence is admissible under Rule 404(b)."[1]  Id.
2.  Campbell argues the circuit
 court erred and abused its discretion in refusing to grant a mistrial after the
 victim's testimony about a news story exceeded the scope agreed upon by the
 parties.  Campbell objected when he felt the testimony inferred he had been
 similarly and recently charged with sexual abuse.  However, the objection was
 never ruled upon, and therefore, the issue is not preserved.  See State
 v. McKnight, 352 S.C. 635, 646-47, 576 S.E.2d 168, 174 (2003) (providing an
 issue must be raised to and ruled upon by the trial court to be preserved for
 review).
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] Our supreme court suggested the circuit court
 consider the following factors when determining whether there is a close degree
 of similarity between the bad act and the crime charged: (1) the age of the victims when the abuse occurred; (2) the
 relationship between the victims and the perpetrator; (3) the location where
 the abuse occurred; (4) the use of coercion or threats; and (5) the manner of
 the occurrence, for example, the type of sexual battery.  State v.
 Wallace, 384 S.C. 428, 433-34, 683 S.E.2d 275,
 278 (2009).